UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALOURDE DESTINE,
   Plaintiff,

v.          Case No. 15-62194-CIV-GAYLES

BANK OF AMERICA, N.A.,
   Defendant.
              /

## ORDER

**THIS CAUSE** comes before the Court on the Defendant Bank of America, N.A.'s ("Bank of America") Motion to Dismiss [ECF No. 4]. In its motion, Bank of America argues that the Plaintiff's claim for violation of the Florida Consumer Collection Practices Act is barred by the statute of limitations. For the reasons that follow, Bank of America's motion shall be denied.

### I. BACKGROUND

According to the allegations in the Complaint, Plaintiff Alourde Destine secured a mortgage loan in the amount of $132,905.00 for real property located in Broward County, Florida. Compl. ¶ 6. The loan is currently serviced by Defendant Bank of America. *Id.* On October 13 and October 17, 2012, Bank of America allegedly applied two erroneous charges on Destine's account in the amount of $6,379.58. These charges were purportedly to pay for homeowner's insurance. *Id.* ¶ 10.

In Count I of her Complaint, Destine claims that Bank of America violated the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72. Compl. ¶¶ 11-16. Specifically, Destine alleges that, on or about October 15, 2014, she, through her attorney, sent Bank of America a Qualified Written Request containing a "Notice of Error" and a "Request for Information," as those terms are defined by federal regulation (hereinafter collectively the

"Notice of Error"). Compl. ¶ 10. She alleges that, through the Notice of Error, she informed Bank of America that it had erroneously charged her account twice within four days for homeowner's insurance. *Id.* She claims that Bank of America, despite receiving the Notice, continues to attempt to collect the amount of her mortgage account balance, including the charges placed in error. *Id.* ¶ 14.

On October 29, 2015, Bank of America filed the instant Motion to Dismiss, arguing that Destine's FCCPA claims are barred by the two-year statute of limitations, which it claims began to run on the dates of the erroneous charges in 2012. Bank of America contends that Destine's claims are time-barred because she "offers no other details [apart from her assertion that Bank of America 'continues to attempt to collect the amount'] regarding the timeframe of the purported FCCPA claim." Def.'s Mot. at 3. It also argues that "the purported continued attempts are not described or referenced in any greater detail." *Id*.

In her opposition, Destine argues that Bank of America's "challenged collection activity occurred in 2014" after it received the Notice of Error and, thus, the 2012 charges are irrelevant to a statute of limitations analysis. Pl.'s Opp'n at 1-2. To her opposition, she attached the Notice of Error and its accompanying documents in an attempt to show that attempted collection activity took place in May 2014. *Id* at 2.  Bank of America replied, arguing that this Court should not consider the facts contained within these documents because they were not attached to the Complaint. *See* Def.'s Reply.

## II.    DISCUSSION

To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The Eleventh Circuit has promulgated a "two-pronged approach" in applying this principle: first, "eliminate any

allegations in the complaint that are merely legal conclusions"; and second, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

### A.   *The Notice of Error*

"In general, [courts] do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss under Rule 12(b)(6)." *Fuller v. SunTrust Banks, Inc.*, 744 F.3d 685, 695 (11th Cir. 2014) (citation and internal quotation marks omitted). There is an exception to this rule, however, in cases in which (1) the plaintiff refers to the document in her complaint; (2) the document is central to her claim; (3) its contents are not in dispute, and (4) the defendant attaches the document to its motion to dismiss. *Id.* Even assuming the first three factors of this exception were satisfied, the fourth factor is not. Bank of America did not attach the Notice of Error to its motion to dismiss; Destine attached it to her opposition. Thus, the Court will not consider any facts contained within the Notice of Error or its attachments for the purposes of ruling on this motion.

### B.   *Statute of Limitations*

"A statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (alterations and internal punctuation omitted). Accordingly, a Rule

12(b)(6) dismissal on statute of limitations grounds is appropriate "only if it is apparent from the face of the complaint that the claim is time-barred." *Meyer v. Gwinnett County*, — F. App'x —, 2016 WL 66528, at *2 (11th Cir. Jan. 6, 2016) (quoting *La Grasta*, 358 F.3d at 845).

The FCCPA provides that, in collecting consumer debt, no person shall "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). It further provides that any action "must be commenced within 2 years after the date the alleged violation occurred." *Id.* § 559.77(4). According to Bank of America, because the complained-of charges were assessed in October 2012 and because Destine did not file her Complaint until September 2015, her claims categorically fall outside the FCCPA's two-year statute of limitations.

The Court disagrees. The statutory provision of the FCCPA relied on by Destine requires that a plaintiff allege the defendant had knowledge of the illegitimate debt upon which it attempted to collect. *See* Fla. Stat. § 559.72(9) (proscribing any "attempt . . . to enforce a debt when such person *knows* that the debt is not legitimate" (emphasis added)). Accepting the allegations in the Complaint as true, the Notice of Error is what gave Bank of America the requisite knowledge that the debt was illegitimate. Given such, an FCCPA violation could not occur until Destine sent Bank of America the Notice of Error on October 15, 2014. After this date, once Bank of America "continue[d] to attempt to collect" on the debt after being informed of its alleged illegitimacy, Compl. ¶ 14, the statute of limitations for the FCCPA violation began to run. Even assuming Bank of America made only one attempt to collect the debt after receiving the Notice of Error on the very date it received it—October 15, 2014—Destine would have two years from that date to file a complaint alleging an FCCPA violation. She initiated this action in September 2015—well within the permitted time frame.

4

The facts, as alleged, are sufficient to establish that a statute of limitations bar is not apparent from the face of the Complaint.[1] As that is the sole ground upon which Bank of America has moved to dismiss, the motion to dismiss shall be denied.

## III.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Defendant's motion to dismiss [ECF No. 4] is **DENIED**. Defendant Bank of America shall **ANSWER** the Plaintiff's Complaint no later than February 19, 2016.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of February, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] The fact that the Court ruled that it cannot consider facts outside the four corners of the Complaint at this stage of the litigation is of no moment. The Complaint contains all the allegations necessary to survive the motion to dismiss.