**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

ALOURDE DESTINE, CASE NO.: 0:15-CV-62194-DPG

Plaintiff,

vs.

BANK OF AMERICA, N.A.,

Defendants.
______________________________________/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION TO EXTEND DISCOVERY DEADLINE**

Defendant, Bank of America, N.A. ("Defendant" or Bank of America") files this Response in Opposition to Plaintiff's Motion to Extend Discovery Deadline for a Limited Purpose or Alternatively to Compel Defendant to Produce Employee Arsheen Littlejohn for Deposition ("Motion to Extend Discovery or Compel Deposition") [DE 47]. Defendant states the following in support:

1. On January 21, 2016, the Court entered the Scheduling Order for this matter.

2. Pursuant to the Scheduling Order, all discovery in this matter should be completed by June 6, 2016.

3. In her Motion to Extend Discovery or Compel Deposition, Plaintiff asks the Court to extend the current discovery deadline in order to depose Arsheen Littlejohn and asks the Court to compel "Defendant to produce Ms. Littlejohn for deposition within the discovery period."

4. Ms. Littlejohn is employed by Defendant and works in Texas[1].

5. Plaintiff's interest in Ms. Littlejohn arose when Ms. Littlejohn executed Defendant's Answers to Plaintiff's Third Set of Interrogatories and Supplemental Answers to

[1] To the extent the Court is inclined to compel Ms. Littlejohn's deposition, the undersigned has been advised that Ms. Littlejohn will be travelling on a long-scheduled vacation from May 30, 2016 through June 5, 2016.

Plaintiff's Fourth Set of Interrogatories.

6. While the portion of Plaintiff's Motion to Extend Discovery or Compel Deposition seeking a deposition is improper and in violation of the Scheduling Order (as set out in a separate Motion to Strike), the Motion, as a whole, should be denied.

7. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Pipino v. Delta Air Lines, Inc.*, No. 15-80330-CIV-MARRA, 2016 U.S. Dist. LEXIS 68876, at *6 (S.D. Fla. May 13, 2016) citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam). "In other words, good cause exists when the facts supporting the requested modification would not have been discovered in the exercise of reasonable diligence until after the deadline had passed." *Pipino,* 2016 U.S. Dist. LEXIS 68876, at *6.

8. "Even if the basis for modification could not have been discovered until after the deadline passed, to demonstrate diligence under Rule 16's good cause standard the movant still must show that the movant was diligent in seeking the modification once it became apparent that the movant could not comply with the scheduling order." *Id*. "If the court finds that the party seeking modification lacked due diligence, then the good cause inquiry ends with a denial of the motion." *Id*.

9. Plaintiff has asked for a ten-day extension of the discovery deadline to depose Ms. Littlejohn without demonstrating due diligence.

10. Plaintiff has not noticed Ms. Littlejohn's deposition, served her with a subpoena to appear for deposition, or served a discovery request asking for her address to effectuate service of a subpoena.


**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

11. Plaintiff seeks an extension of the discovery deadline ostensibly because Plaintiff's counsel contends he cannot understand the loan payment history for Plaintiff's loan.

12. This matter was removed to this Court in October 2015. In the 8 months since, Plaintiff's counsel never requested the loan payment history in discovery. Of course, the loan payment history was available to Plaintiff at all times via Bank of America's online banking options.

13. Despite serving two sets of Request for Production, four sets of Interrogatories, deposing Bank of America's 30(b)(6), and deposing a different Bank of America employee who executed Answers to Interrogatories, Plaintiff's counsel waited until late May to seek additional information about the loan payment history.

14. When Plaintiff's counsel noticed and then conducted the 30(b)(6) deposition of Defendant's corporate representative. The areas of inquiry contained in Plaintiff's Notice of Taking 30(b)(6) Deposition were as follows:

a. Bank of America's investigation concerning the October 15, 2014 qualified written request containing both a notice of error and request for information as noticed, described and requested therein.
b. Bank of America's investigation concerning the December 2, 2015 second qualified written request containing notice of errors as noticed, described and requested therein.
c. Bank of America's policies and procedures concerning compliance with the RESPA/Regulation X error process resolution, i.e. procedures for correcting identified errors and providing written notification of t corrections and date of the correction.
d. Bank of America's policies and procedures concerning compliance with the RESPA/Regulation X procedures for conducting a reasonable investigation and policies and procedures for providing written notice pursuant to 12 C.F.R. 1024.35(e)(A) and (B).

15. Plaintiff's counsel elected to forgo a *duces tecum* request seeking the loan payment history and apparently opted to abstain from questions related to the loan payment history or the escrow calculation that were sufficient to give sufficient information about the

payment history of Plaintiff's loan.

16. Plaintiff served written discovery on Bank of America after the 30(b)(6) deposition but never sought the production of the loan payment history or information about it.

17. Plaintiff did not serve an Interrogatory asking for the address of the individual executing the Third or Fourth Interrogatories.

18. Similarly, Plaintiff has not served discovery asking for Ms. Littlejohn's address.

19. Therefore, this Court must deny Plaintiff's request to extend the discovery deadline based on Plaintiff's counsel's lack of due diligence.

WHEREFORE, the Court should deny Plaintiff's request to extend the discovery deadline and to compel the deposition of Ms. Littlejohn.

Respectfully submitted,

/s/ Melissa D. Goolsarran
ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
E-mail: akg@lgplaw.com
MELISSA D. GOOLSARRAN
Florida Bar No. 98425
Email: mdg@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Fax: (305) 379-9626
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of June, 2016, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Melissa D. Goolsarran
MELISSA D. GOOLSARRAN

**SERVICE LIST**

Jeffrey N. Golant, Esquire
The Law Offices of Jeffrey N. Golant, P.A.
1999 N. University Drive, Ste. 213
Coral Springs, FL 33071
Office: 954-942-5270 Ext. 101
Fax: 954-942-5272
jgolant@jeffreygolantlaw.com
jgolant@aol.com
sburga@jeffreygolantlaw.com

Jennifer Harley, Esq.
Legal Aid Service of Broward County
491 N. State Rd. 7
Plantation, FL 33317
(954) 736-2488
F: (954) 736-2484
jharley@legalaid.org